UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCISCO DIAZ,

                Movant,

-against-

UNITED STATES OF AMERICA,

                Respondent.

20-CV-2150 (JMF)
19-CR-65-1 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

        Francisco Diaz pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and he was sentenced to 36 months in prison and three years of postrelease supervision. ECF No. 23.[1] Proceeding *pro se*, Diaz now moves, under Title 28, United States Code, Section 2255, to vacate, set aside, or correct his sentence, alleging that his assigned counsel was constitutionally ineffective because, based on her advice, he pleaded "guilty twice for the same offense" when he supplemented his allocution in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019). ECF No. 26, at 5 (attaching two extra pages). Diaz also moves for assignment of Criminal Justice Act ("CJA") Panel counsel, and unspecified preliminary injunctive relief. ECF Nos. 27, 28. For the reasons that follow, Diaz's motions are denied.

## BACKGROUND

        On January 31, 2019, Diaz was indicted for violating 18 U.S.C. § 922(g)(1), which makes it "unlawful for any person . . . who has been convicted in any court of . . . a crime punishable by imprisonment for a term exceeding one year . . . [to] possess in or affecting commerce, any firearm or ammunition." ECF No. 7. Diaz originally pleaded not guilty, ECF No. 9, at 3, but

---

[1]     Unless otherwise noted, all ECF citations are to Docket No. 19-CR-65-1 (JMF).

after consulting with counsel, Jennifer Willis of the Federal Defenders of New York, he changed his plea to guilty, ECF No. 15, at 2.  After conducting a plea colloquy on May 1, 2019, the Court determined that Diaz's guilty plea was knowing and voluntary.  *Id.* at 2-18.  Sentencing was scheduled for August 13, 2019.  *Id.* at 19.

On June 21, 2019, the Supreme Court decided *Rehaif*, which held that, to convict a defendant under Section 922(g), the Government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it," 139 S. Ct. at 2194 — in this case, that is, that Diaz had been convicted of a crime punishable by more than one year of imprisonment.  Accordingly, the Court issued an order directing counsel to "be prepared to address" at sentencing "whether the factual basis for the Defendant's plea was adequate" in light of *Rehaif*.  ECF No. 22.  The following discussion then occurred at the August 13, 2019 hearing:

| | |
|---|---|
| AUSA: | In light of that decision, your Honor, we would like — and I have discussed this with Ms. Willis, we would like to have the defendant allocute to the element of knowledge of his prior felony conviction at the time of the charged offense.  I believe he is ready to allocute to that today. |
| THE COURT: | All right.  Ms. Willis. |
| MS. WILLIS: | Yes.  I did discuss that with the government prior to the case being called, and I also discussed it with Mr. Diaz this afternoon, as well, and he would be prepared to sort of reallocute either to the entirety of the elements or just to that one element, whichever the court thinks is required. |
| THE COURT: | All right.  Very good.  So let's start with that.  Mr. Diaz, just to explain, I'm sure your lawyer did explain, but the Supreme Court decided a case a month and a half or so ago and held that an element of the offense that you were charged with and pled guilty to is not just that you knowingly possessed a firearm, but that you knew at the time that you were convicted of a felony, which is the reason that you were not permitted under the statute to possess the firearm.  That had not been the law at the time |

2

|   |   |
|---|---|
|   | you pled guilty, but it is now the law.  And looking back at your plea transcript, no record was made that you knew at the time that you possessed the firearm that you had been convicted of a felony prior to date that.  So do you understand that issue and have you discussed it with Ms. Willis? |
| MR. DIAZ: | Yes, I did. |
| THE COURT: | As far as I am concerned, one option would be that you could take your plea back because I think the factual record doesn't support it at the moment, but my understanding is that you are prepared to and wish to supplement your allocution, your statement, in order to satisfy that new element.  Do you understand that? |
| MR. DIAZ: | Yes, I do. |
| THE COURT: | And you have discussed that decision with Ms. Willis? |
| MR. DIAZ: | Yes, I have. |
| THE COURT: | And is that your desire, to supplement your admissions to address that issue? |
| MR. DIAZ: | Yes. |

ECF No. 24, at 2-4.

The Court then conducted further inquiry, establishing that Diaz understood the Government's post-*Rehaif* burden of proof and that his guilty plea was knowing and voluntary. Specifically, the Court asked Diaz if he understood that, if the matter were to go to trial,

> the government would now have to prove not only that you knowingly possessed a gun and that you had previously been convicted of a felony, but that you knew at the time that you had previously been convicted of a felony.  Do you understand that if you were to go to trial, the government would have to prove those elements and that the gun traveled in interstate commerce beyond a reasonable doubt?

*Id.* at 5.  Diaz responded, "Yes, I understand," and confirmed that on the date charged in the indictment, he possessed a firearm with the knowledge that he had previously been convicted of

3

a felony. *Id.* at 5-6. Counsel for both sides agreed that "there is now a sufficient factual basis for the guilty plea." *Id.* at 6. Diaz did not appeal the conviction.

On March 10, 2020, Diaz filed the pending Section 2255 motion and related motions. ECF Nos. 26-28. Construed liberally, Diaz's motions assert that his counsel was ineffective in two respects. First, counsel "failed to object and advised [him] to plead guilty twice for the same offense." ECF No. 26, at 5. Diaz's theory is that jeopardy attached to the May 1, 2019 guilty plea, because it was "final," "uncondi[t]ional," and "for the benefit of the defendant." *Id.* at 5 (second extra page). Second, Diaz claims that, in light of *Rehaif*, counsel should not have advised him to plead guilty because the indictment alleged only that he knew that he possessed a firearm and not that he also knew that he was a felon at the time. *Id.* at 5. Diaz notes that when he pled guilty during the first colloquy, "the law of the Circuit did not require[] the defendant to know this status as [a] felon in order to be convicted of a 922(g) crime." *Id.*

## LEGAL STANDARDS

A prisoner in federal custody may move "to vacate, set aside or correct" a sentence "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Under Rule 4(b) of the Rules Governing § 2255 Proceedings, the Court has the authority to review and deny a § 2255 motion prior to directing an answer "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *See Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009) (quoting Rule 4(b) of the Rules Governing § 2255 Proceedings). In addition, no hearing is required where the allegations are "vague, conclusory, or palpably incredible." *Machibroda v. United States*, 368 U.S. 487, 495 (1962). Instead, to warrant a hearing, the petitioner "must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved

at a hearing, would entitle him to relief." *Gonzalez v. United States*, 722 F.3d 118, 131 (2d Cir. 2013). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam) (internal quotation marks and emphasis omitted); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## DISCUSSION

To establish ineffective assistance of counsel, Diaz must show that: "1) counsel's performance fell below an objective standard of reasonableness according to prevailing professional norms, and 2) it is reasonably likely that prejudice occurred — i.e., that but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Arteca*, 411 F.3d 315, 320 (2d Cir. 2005) (citing *Strickland v. Washington*, 466 U.S. 668, 687-96 (1984)).[2] Applying those standards here, and for the reasons discussed below, Diaz's Section 2255 motion is denied in its entirety and without an evidentiary hearing. The record, which includes Diaz's sworn statements during his plea and sentencing hearings, makes clear that his counsel's performance was objectively reasonable and that the circumstances surrounding Diaz's guilty plea and sentencing did not violate either the Supreme Court's holding

---

[2] Although a defendant may argue ineffective assistance of counsel for the first time in a Section 2255 motion, other claims are procedurally defaulted if they are not raised on direct review. *See Massaro v. United States*, 538 U.S. 500, 509 (2003); *see also Harrington v. United States*, 689 F.3d 124, 129 (2d Cir. 2012) (holding that, because a motion under Section 2255 "is not a substitute for direct appeal," a court "will not afford collateral review to claims that a petitioner failed properly to raise on direct review unless the petitioner shows (1) good cause to excuse the default and ensuing prejudice, or (2) actual innocence"). Diaz asserts no facts relevant to cause, prejudice, or actual innocence. Accordingly, the Court considers Diaz's claims solely in the context of his ineffective-assistance-of-counsel claims.

in *Rehaif v. United States* or the Double Jeopardy Clause. *Cf. Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (finding that a defendant's guilty plea statements "constitute a formidable barrier in any subsequent collateral proceedings" because "[s]olemn declarations in open court carry a strong presumption of verity," and any contrary "subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); *see also Garafola v. United States*, 909 F. Supp. 2d 313, 331 (S.D.N.Y. 2012) (summarily dismissing a claim that "wholly contradicts the petitioner's previous sworn statements in court at the plea proceeding — that the petitioner understood the charges against him and that he had adequate time to discuss the charges and the Plea Agreement with his attorney").

A.   ***Rehaif v. United States***

In *Rehaif*, the Supreme Court held that, to convict a defendant under 18 U.S.C. § 922(g), "the Government . . . must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194. That holding "effectively marked a change in the law in our Circuit; although the Court of Appeals itself had not previously ruled on the issue, district courts within the Second Circuit had 'interpret[ed] § 922(g) to require only that the defendant knew that he or she possessed a gun,' as had practically every other court of appeals in the country." *United States v. Sepulveda*, 420 F. Supp. 3d 153, 167 (S.D.N.Y. 2019) (quoting *United States v. Lahey*, 967 F. Supp. 2d 731, 746 (S.D.N.Y. 2013) (collecting cases) (internal citation omitted)).

Diaz argues that his counsel, Ms. Willis, was ineffective for advising him to plead guilty. ECF No. 25, at 5. But, as Diaz acknowledges, *Rehaif* was decided "after" the original guilty plea on May 1, 2019. ECF No. 26, at 5 (first extra page). Once *Rehaif* came down, the parties

discussed the decision at the August 13, 2019 hearing, and the Court informed Diaz that in light of *Rehaif*, he could "take [his] plea back" if he so wished. ECF No. 24, at 3. After consulting with counsel, Diaz expressly agreed that he wished to "supplement [his] admissions to address [the *Rehaif*] issue." *Id.* at 4. Diaz stated that he understood what the Government's burden of proof was after *Rehaif* and confirmed on the record and under oath that, on the date charged in the indictment, he possessed a firearm with the knowledge that he was a convicted felon. *Id.* at 5-6. Diaz was well advised to do so, given that he was actually sentenced to more than one year in prison, which "removes any doubt that [he] was aware of his membership in § 922(g)(1)'s class." *United States v. Miller*, 954 F.3d 551, 559-60 (2d Cir. 2020) (finding on plain error review that a defendant who was sentenced to and served more than a year in prison would not have contested his knowledge of his felon status, but rather "would have sought to exclude . . . the details pertaining to his prior offense as unnecessary and prejudicial embellishment on his stipulation [that he was a felon]"); *United States v. Hayes*, — F. App'x —, No. 18-173-cr, 2020 WL 2050646, at *5 (2d Cir. Apr. 27, 2020) (summary order) (same).

Diaz's motion could also be construed as raising a jurisdictional challenge to his conviction, similar to the one raised in *United States v. Balde*, 943 F.3d 73 (2d Cir. 2019). There, the Second Circuit addressed whether a pre-*Rehaif* indictment was defective because it failed to explicitly allege that the defendant knew of his restricted status and, if so, whether that purported defect deprived the district court of jurisdiction. The Circuit held that "the indictment's failure to allege [the knowledge-of-status element] was not a jurisdictional defect." *Id.* at 92. The Circuit held, however, that it was plain error that the defendant had not been advised that the Government would be required to establish beyond a reasonable doubt that he

7

knew that he was illegally present in the United States. *See id.* at 98.[3]  The Court remanded the matter because the "record fail[ed] to establish a factual basis for his plea in violation of Fed. R. Crim. P. 11(b)(3)." *Balde*, 943 F.3d at 88, 95-98.

Here, the missing element in the indictment, issued pre-*Rehaif*, did not deprive the Court of jurisdiction over the criminal matter, or otherwise call into question the validity of the indictment.  Other courts in this Circuit have reached a similar conclusion in evaluating collateral challenges to convictions based on *Rehaif*.  *See, e.g.*, *United States v. Bryant*, No. 11-CR-765 (RJD), No. 16-CV-3423 (RJD), 2020 WL 353424, at *3 (E.D.N.Y. Jan. 21, 2020) (denying a Section 2255 motion on the ground that *Balde* "forecloses Bryant's *Rehaif*-based challenge to the Court's subject-matter jurisdiction).  And unlike the defendant in *Balde*, Diaz was indisputably advised that the Government would be required to establish the knowledge-of-status element beyond a reasonable doubt.  ECF No. 24, at 5.  Thus, Diaz has failed to show that the indictment was defective, that the Court lacked jurisdiction over this matter, or that his guilty plea was not knowing and voluntary or did not otherwise comply with Rule 11.  Because these claims lack merit, Diaz has failed to present facts showing that he received ineffective assistance of counsel during his criminal proceedings.

---

[3]   The Circuit noted that "courts have thus far unanimously applied a plain error standard in addressing convictions obtained before [*Rehaif*], at times when the circuits uniformly held that the knowledge element identified in *Rehaif* did not need to be alleged in an indictment, found by a jury, or proven beyond a reasonable doubt." *Balde*, 943 F.3d at 92 (citing *United States v. Burghardt*, 939 F.3d 397, 402-03 (1st Cir. 2019); *United States v. Benamor*, 937 F.3d 1182, 1188 (9th Cir. 2019); *United States v. Williams*, 776 F. App'x 387, 388 (8th Cir. 2019) (per curiam) (unpublished); *United States v. Denson*, 774 F. App'x 184, 185 (5th Cir. 2019) (per curiam) (unpublished)); *see also United States v. Hobbs*, 953 F.3d 853, 857 (6th Cir. 2020).

**B.     Double Jeopardy**

The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb," U.S. Const. amend. V, and prohibits "successive punishments and . . . prosecutions for the same criminal offense," *United States v. Dixon*, 509 U.S. 688, 696 (1993); *see also Illinois v. Vitale*, 447 U.S. 410, 415 (1980) (holding that double jeopardy "protects against multiple punishments for the same offense" (internal quotation marks omitted)).  After a defendant is placed in jeopardy for an offense, and jeopardy terminates with respect to that offense, the defendant may not be tried or punished a second time for the same offense.  *See Sattazahn v. Pennsylvania*, 537 U.S. 101, 106 (2003); *United States v. Bruno*, 661 F.3d 733, 740-41 (2d Cir. 2011).  It goes without saying that "an accused must suffer jeopardy before he can suffer double jeopardy." *Serfass v. United States*, 420 U.S. 377, 393 (1975) (internal quotation marks omitted); *United States v. Serrano*, 856 F.3d 210, 214 (2d Cir. 2017) (holding that the "protection of the Double Jeopardy Clause by its terms applies only if there has been some event, such as an acquittal, which terminates the original jeopardy" (internal quotation marks omitted)).

In light of these standards, Diaz's double jeopardy-based claim requires little discussion.  There were two plea colloquies, but the second colloquy supplemented the first.  Diaz entered only one guilty plea, and the Court imposed only one sentence.  During the August 13, 2019 hearing, the Court offered Diaz the opportunity to withdraw his plea, which he expressly declined to do.  Had Diaz withdrawn his guilty plea, the matter would have proceeded.  The record therefore belies Diaz's assertion that the plea May 1, 2019 guilty plea was "final" and "unconditional."  ECF No. 26, at 5 (first extra page).  *Evans v. Michigan*, 568 U.S. 313 (2013), upon which Diaz relies, *see* ECF No. 26, at 5 (second extra page), does not suggest otherwise.  In

*Evans*, the Supreme Court held that a midtrial directed verdict and dismissal, based on the trial court's erroneous requirement of an extra element for the charged offense, was an "acquittal" for double jeopardy purposes. *Id.* at 330. Thus, *Evans* involved a retrial (a second proceeding) after acquittal (the termination of the initial proceeding). Here, by contrast, Diaz was subjected to a single plea, split between two proceedings, and a single sentencing. Thus, his ineffective assistance of counsel claim based on double jeopardy is without merit.

## CONCLUSION

For the foregoing reasons, the Court denies the motion for relief under 28 U.S.C. § 2255. Diaz's motions for counsel and for unspecified injunctive relief are denied as moot.

Because Diaz has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a certificate of appealability will not issue. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate 19-CR-65-1, ECF Nos. 26-28, and 20-CV-2150, ECF Nos. 2-3. The Clerk of Court is also directed to mail a copy of this order to Diaz, to close the civil case, and to note service on the docket.

SO ORDERED.

Dated: May 4, 2020
New York, New York

JESSE M. FURMAN
United States District Judge