```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                  :
UNITED STATES OF AMERICA,                         :
                                                  :     19-CR-65 (JMF)
              -v-                                 :
                                                  :     MEMORANDUM
FRANCISCO DIAZ,                                   :     OPINION AND ORDER
                                                  :
                        Defendant.                :
                                                  :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Defendant Francisco Diaz, unrepresented by counsel, moves for compassionate release or, in the alternative, for an order directing the Bureau of Prisons ("BOP") to apply earned time credit to reduce his sentence. *See* ECF No. 30.

Upon review of the parties' papers, the motion for compassionate release is denied substantially for the reasons set forth in the Government's response. *See* ECF No. 32. In brief, Mr. Diaz's argument — which depends largely, if not entirely, on the risks relating to COVID-19 — falls short because he has been fully vaccinated with the Moderna vaccine. *See id.* at 5. As a result, he "now has significant protection against serious illness or death should he contract COVID-19." *United States v. Singh*, No. 4:15-CR-00028-11, 2021 WL 928740, at *3 (M.D. Pa. Mar. 11, 2021). Thus, whether the issue is considered in reference to the existence of "extraordinary and compelling reasons" justifying relief under 18 U.S.C. § 3582(c)(1)(A), or to the sentencing factors set forth in 18 U.S.C. § 3553(a), the result is the same: Mr. Diaz fails to show that relief is warranted due to the risks of COVID-19. *See Singh*, 2021 WL 928740, at *3 & n.36 (citing cases).

Separate and apart from that, several other considerations relevant to the Section 3553(a) analysis weigh strongly against relief, including but not limited to:

- the egregious nature of Mr. Diaz's offense (which prompted the Court to impose a sentence above the applicable Sentencing Guidelines range);

- the nature of Mr. Diaz's criminal history — most notably, to his prior firearm-related conviction;

- the fact that conditions at FCI Ray Brook, where Mr. Fernandez is incarcerated, are not that bad at the moment and appear to be improving.

*See* ECF No. 32, at 1-2, 6-7; *see also* https://www.bop.gov/coronavirus/ (last visited May 20, 2021) (reporting, at present, zero COVID-19 positive inmates and staff members and that 36% of the inmate population (264 out of 729) is fully vaccinated).

In his reply, Diaz cites *United States v. Hatcher*, No. 18 CR. 454-10 (KPF), 2021 WL 1535310, at *1 (S.D.N.Y. Apr. 19, 2021), in which the court granted a motion for compassionate release based in part on the "harsh conditions" of confinement relating to COVID-19. *See* ECF No. 34. But the *Hatcher* court took pains to make clear that its decision was based on the "unique circumstances" of the case, including the defendant's "serious co-morbidities," her inability to obtain "critical mental health and rehabilitative services" as a result of COVID-19, and her "viable reentry plan." 2021 WL 1535310, at *3-4. Diaz does not point to similarly compelling circumstances here.

Accordingly, Diaz's motion for compassionate release is denied. That denial, however, is without prejudice to a new application "should future evidence demonstrate that new COVID-19 variants render the Moderna vaccine significantly less effective at preventing serious illness or death from COVID-19, such that [Mr. Diaz] is at a substantial risk of serious illness or death from a COVID-19 infection." *Singh*, 2021 WL 928740, at *4.

Mr. Diaz's alternative request — for an order directing the BOP to apply earned time credit to reduce his sentence — is also denied. Putting aside the fact that, because the request relates to the conditions of Mr. Diaz's confinement in the Northern District of New York, the motion is likely brought in the wrong venue, *see, e.g.*, *Tribble v. Killian*, 632 F. Supp. 2d 358

(S.D.N.Y. 2009), the Court agrees with "the overwhelming majority of courts to have considered" the issue that the request "is not ripe for review because, under the [First Step Act], the BOP is not required to provide evidence-based recidivism reduction programing and productive activities for all prisoners, or calculate or apply time credits earned, until January 15, 2022." *Cohen v. United States*, No. 20-CV-10833 (JGK), 2021 WL 1549917, at *2-3 (S.D.N.Y. Apr. 20, 2021) (citing cases).

The Clerk of Court is directed to terminate ECF No. 30, to mail a copy of this Memorandum Opinion and Order to Diaz at the address below, and to note such mailing on the docket:

> Francisco Diaz (86471-054)
> Ray Brook FCI
> PO Box 900
> Ray Brook, New York 12977

SO ORDERED.

Dated: May 20, 2021
New York, New York

_____
JESSE M. FURMAN
United States District Judge